**ORIGINAL**

# In the United States Court of Federal Claims

No. 18-942
(Filed: July 27, 2018)

**FILED**
JUL 27 2018
U.S. COURT OF
FEDERAL CLAIMS

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*
EDWARD THOMAS KENNEDY,

    *Plaintiff,*

v.

THE UNITED STATES,

    *Defendant.*
\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### ORDER

For good cause shown, plaintiff's motion for leave to proceed *in forma pauperis* is granted. The complaint, however, must be dismissed because it does not raise a claim within this court's jurisdiction.

Plaintiff, appearing *pro se*, filed his complaint on June 28, 2018. In it, he alleges that defendant and others trespassed against him and imprisoned him financially and physically. Compl. 3.

The Tucker Act provides this court's primary grant of jurisdiction, authorizing us to "render judgment upon any claim against the United States founded either upon the constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1) (2012). It does not create any new substantive right to enforce against the United States. *United States v. Testan*, 424 U.S. 392, 398 (1976). Instead, plaintiffs must identify a separate source of authority allowing for monetary recovery from the United States. *Id.*

To determine whether this court has subject-matter jurisdiction over plaintiff's claim, the court accepts the factual allegations in plaintiff's

7017 1450 0000 1346 3332

complaint as true and draws all reasonable inferences in favor of plaintiff. *Trusted Integration, Inc. v. United States*, 659 F.3d 1159, 1163 (Fed. Cir. 2011). Although *pro se* plaintiffs receive latitude in their pleadings, this court cannot excuse jurisdictional shortcomings. *See Henke v. United States*, 60 F.3d 795, 799 (Fed. Cir. 1995). Jurisdiction is a threshold matter that the court may raise *sua sponte* at any time. *Folden v. United States*, 379 F.3d 1344, 1354 (Fed. Cir. 2004); RCFC 12(h)(3).

From the face of the complaint, it is clear that plaintiff does not allege a claim over which this court has jurisdiction. Plaintiff's complaint does not identify a substantive source of law establishing that the federal government owes plaintiff money. Nor does plaintiff assert an express or implied contract upon which plaintiff can recover damages.

Instead, plaintiff simply makes reference to trespass and financial imprisonment. These claims do not fit within this court's jurisdiction under the Tucker Act, and they must be dismissed.

Accordingly, the following is ordered:

1. The clerk's office is directed to file no further complaints from this party absent leave from the undersigned.

2. The Clerk is directed to dismiss the complaint for lack of subject-matter jurisdiction and enter judgment accordingly. No costs.

3. The Clerk is directed to return unfiled the "Objection" plaintiff submitted on July 13, 2018.

ERIC G. BRUGGINK
Senior Judge